**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

MELVIN JOSEPH SIMMONS,      ) NO. CV 19-798-TJH(E)
                            )
        Petitioner,         )
                            )
    v.                      ) ORDER OF DISMISSAL
                            )
THE STATE OF CALIFORNIA,    )
ET AL.,                     )
                            )
        Respondents.        )
_____)

     On January 22, 2019, Petitioner filed in the United States
District Court for the Eastern District of California a "Petition for
Habeas Corpus and a [Civil Rights] Complaint, etc." ("the Petition").
On February 1, 2019, this Court received a transfer of the Petition
from the Eastern District.  The Petition challenges a 1987 Los Angeles
Superior Court criminal judgment.  Petitioner previously challenged
this same Superior Court judgment in a prior habeas corpus petition
filed in this Court.  See Simmons v. Hill, CV 96-2174-TJH(CW).  On
July 15, 1999, this Court entered judgment in Simmons v. Hill, CV 96-
2174-TJH(CW), denying and dismissing the prior petition on the merits
with prejudice.

The Court must dismiss the present Petition in accordance with 28 U.S.C. section 2244(b) (as amended by the "Antiterrorism and Effective Death Penalty Act of 1996"). Section 2244(b) requires that a petitioner seeking to file a "second or successive" habeas petition first obtain authorization from the Court of Appeals. See Burton v. Stewart, 549 U.S. 147, 157 (2007) (where petitioner did not receive authorization from Court of Appeals before filing second or successive petition, "the District Court was without jurisdiction to entertain [the petition]"); Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir. 2000) ("the prior-appellate-review mechanism set forth in § 2244(b) requires the permission of the court of appeals before 'a second or successive habeas application under § 2254' may be commenced"). A petition need not be repetitive to be "second or successive," within the meaning of 28 U.S.C. section 2244(b). See, e.g., Thompson v. Calderon, 151 F.3d 918, 920-21 (9th Cir.), cert. denied, 524 U.S. 965 (1998); Calbert v. Marshall, 2008 WL 649798, at *2-4 (C.D. Cal. Mar. 6, 2008). Petitioner evidently has not yet obtained authorization from the Ninth Circuit Court of Appeals.[1] Consequently, this Court cannot entertain the present Petition. See Burton v. Stewart, 549 U.S. at 157; Remsen v. Att'y Gen. of Calif., 471 Fed. App'x 571, 571 (9th Cir. 2012) (if a petitioner fails to obtain

---

[1] The Court takes judicial notice of the docket of the United States Court of Appeals for the Ninth Circuit, available on the PACER database. See Mir v. Little Company of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988) (court may take judicial notice of court records). The Ninth Circuit's docket does not show that any individual named Melvin Simmons has obtained any order from the Ninth Circuit authorizing the filing of a second or successive habeas petition in this Court. In fact, the docket reflects that in 2011, the Ninth Circuit denied Petitioner authorization to file a second or successive petition. See Simmons v. Felker, No. 11-70171.

1  authorization from the Court of Appeals to file a second or successive
2  petition, "the district court lacks jurisdiction to consider the
3  petition and should dismiss it.") (citation omitted).
4
5      Petitioner's characterization of the Petition as including a
6  civil rights complaint does not alter the result herein.  Petitioner
7  may not challenge the Superior Court judgment or seek the remedy of
8  release from confinement in a civil rights action.  Habeas corpus is
9  the exclusive remedy for a state prisoner who challenges the fact or
10 duration of confinement and seeks speedier release.  <u>Preiser v.</u>
11 <u>Rodriguez</u>, 411 U.S. 475, 500 (1973); <u>Carty v. Nelson</u>, 426 F.3d 1064
12 (9th Cir.), <u>amended</u>, 431 F.3d 1185 (9th Cir. 2005), <u>cert. denied</u>, 547
13 U.S. 1130 (2006); <u>see also</u> <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994)
14 (prisoner also may not seek damages arising out of an allegedly
15 unconstitutional but extant state court conviction).
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28      For all of the foregoing reasons, the Petition is denied and

3

dismissed without prejudice.[2]


        LET JUDGMENT BE ENTERED ACCORDINGLY.


        DATED: FEBRUARY 26, 2019.

                                    _____
                                          TERRY J. HATTER, JR.
                                    UNITED STATES DISTRICT JUDGE


PRESENTED this 15th day of

February, 2019, by:


_____/s/_____
        CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

        [2]    Ninth Circuit Rule 22-3(a) provides that "if a second
or successive petition . . . is mistakenly submitted to the
district court, the district court shall refer it to the court of
appeals."  Assuming arguendo that the conflict between 28 U.S.C.
section 2244(b) and Rule 22-3(a) does not invalidate the latter,
dismissal rather than "reference" still would be appropriate
herein.  It is apparent that Petitioner submitted the present
Petition to a federal district court intentionally rather than
mistakenly.